FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 13, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARL D. BOSHERS, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>EVERGREEN MONEY SOURCE MORTGAGE COMPANY and MTC FINANCIAL, INC.,<br><br>    Defendants. | No. 4:25-CV-05041-MKD<br><br>ORDER GRANTING DEFENDANT EVERGREEN SOURCE MORTGAGE COMPANY'S MOTION TO DISMISS AND DISMISSING CASE<br><br>**ECF Nos. 5, 7, 10** |

    Before the Court is Defendant Evergreen Money Source Mortgage Company's Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 7. After Plaintiff failed to file a timely response to Defendant's motion, the Court on July 28, 2025, issued an Order to Show Cause, directing Plaintiff to respond to the motion by August 11, 2025. ECF No. 9. Plaintiff then moved for leave to file a Second Amended Complaint on August 1, 2025, ECF No. 10, and filed a response to the Order to Show Cause on August 4, 2025, ECF No. 11. Plaintiff's response to the Order to Show Cause did not address the substance of Defendant's Motion

ORDER - 1

to Dismiss. Rather, Plaintiff merely referred to two exhibits that "are described in detail in Plaintiff's Second Amended Complaint[.]" *Id*. at 1-2.

Plaintiff's response to the Order to Show Cause is deficient for two independent reasons. First, contrary to the Court's direction to "file a response to Defendant's Motion to Dismiss," ECF No. 9 at 2, Plaintiff did not respond to Defendant's Motion to Dismiss. Second, Plaintiff's proposed Second Amended Complaint is not the operative complaint. *See* Fed. R. Civ. P. 15(a)(2) (requiring leave of Court to file).

After construing Plaintiff's *pro se* pleadings liberally, *see Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), and having reviewed the record, the Court finds Plaintiff offers no basis in law or fact to deny Defendant's Motion to Dismiss or to grant him leave to file his proposed Second Amended Complaint. As Defendant conclusively argues, *see* ECF No. 13 at 2-4, the record indicates that Plaintiff does not hold title to the property at issue, *see generally* ECF No. 8, and thus lacks standing to assert claims in connection with the property. The Court thus grants Defendant's Motion to Dismiss and denies Plaintiff's Motion for Leave to File Second Amended Complaint. *See, e.g.*, *Lucas v. Cal. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that when a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint).

ORDER - 2

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, **ECF No. 7**, is **GRANTED**.

2. Plaintiff's First Amended Complaint, **ECF No. 6**, is **DISMISSED with prejudice**.

3. Plaintiff's Motion for Leave to File Second Amended Complaint, **ECF No. 10**, is **DENIED**.

4. Defendant's Motion to Dismiss, **ECF No. 5**, is **DENIED as moot**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order**, enter judgment**, provide a copy to the parties, and **CLOSE THE FILE**.

DATED August 13, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3